UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY WRIGHT,<br><br>           Plaintiff,<br><br>      v.<br><br>RAYMOND,<br><br>           Defendant. | No. 2:13-cv-2455 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed herein, the court will dismiss this action.[1]

**THE EXHAUSTION REQUIREMENT**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether

/////

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 4)

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most inmate appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). For example, where prison officials improperly screen out inmate grievances, they render administrative remedies effectively

1  unavailable.  See id. at 823.  In such a case, "the inmate cannot pursue the necessary sequence of
2  appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)  (excusing an
3  inmate's failure to exhaust because he was precluded from exhausting administrative remedies by
4  a warden's mistaken instruction to him that a particular unavailable document was needed for him
5  to pursue his inmate appeal).

6        If the district court concludes that the prisoner has not exhausted administrative remedies
7  and is not excused from doing so, "the proper remedy is dismissal of the claim without
8  prejudice."  Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir.
9  2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds
10 with the good and leaves the bad."  Jones, 549 U.S. at 221.

11 **DISCUSSION**

12       On plaintiff's original form complaint, Question II.A. asks "Is there a grievance procedure
13 available at your institution?"  Plaintiff has checked the "Yes" box.  Question II.B. asks "Have
14 you filed a grievance concerning the facts relating to this complaint?"  Plaintiff has checked the
15 "No" box.  In the space provided for plaintiff to explain why not, plaintiff states that he has not
16 filed an inmate grievance "because I never had a complaint" until now.  (Compl. at 4.)

17       A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action.  See
18 Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); see also Woodford, 548 U.S. at 85
19 (proper exhaustion is mandatory and requires adherence to administrative rules); Booth, 532 U.S.
20 at 741 (exhaustion is required regardless of the type of relief sought).  Where, as here, the court
21 concludes that plaintiff has not exhausted available administrative remedies, "the proper remedy
22 is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1120.  Accordingly, given
23 plaintiff's acknowledgment of non-exhaustion, court will dismiss this action without prejudice.
24 /////
25 /////
26 /////
27 /////
28 /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied; and

2. This action is dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action.

Dated: February 10, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wrig2455.fte